IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LORI ANNE VICKERMAN | ) |
| | ) TRIAL BY JURY DEMANDED |
| Plainitff, | ) |
| | ) |
| v. | ) No. 2008 C 4131 |
| | ) JUDGE DOW |
| SKIN WELLNESS CENTER OF CHICAGO, S.C. | ) |
| and BROOKE JACKSON, M.D. | ) |
| Defendants. | ) |

## AMENDED COMPLAINT

### JURISDICTION AND VENUE

1. This is a suit to recover minimum wages and liquidated damages. Federal question jurisdiction is posited upon Title 28 U.S.C. 1331 and Title 29 U.S.C. 216(b), commonly known as the "Fair Labor Standards Act" (hereinafter "FLSA"), as amended, and acts prohibited thereunder. To plaintiff's knowledge, other employees are aggrieved by the unlawful conduct alleged.

2. Defendants own and operate SKIN WELLNESS CENTER OF CHICAGO, S.C. located at or near 111 North Wabash Avenue, Chicago Illinois. Dr. JACKSON is a physician duly licensed by the State of Illinois and is president and principal of SKIN WELLNESS CENTER, S.C. The defendants are an "employer" of the plaintiff within the meaning of 29 U.S.C. 203(a) and (d) and the Minimum Wage Law, 820 ILCS 105/3. The court has supplemental jurisdiction over the claims under the Illinois Wage Payment and Collection Act claim, 820 ILCS 115/11(-c) and the Illinois Minimum Wage Law, 820 ILCS 105/1-15 (ILMWL), and the One Day Rest in Seven

Act, 820 ILCS 140/1 (2008), pursuant to the Judicial Improvements Act of 1990, 28 U.S.C. 1367(a)(1).

## COUNT I

## STATEMENT OF CLAIM

3.  Plaintiff, LORI ANNE VICKERMAN, was employed by defendants as an aesthetician and general office worker between approximately August 28, 2007 until on or about April 12, 2008, at various hourly wages, the last of which was $13.00, plus commissions. During the time employed, she worked more than 40 hours in most work weeks for which she was willfully not compensated wages at the rate of one and one-half times her regular rate of pay, in violation of 29 U.S.C. 207(a) and the ILMWL, 820 ILCS 105/4a. Such time included working through her lunch periods when she was not completely relieved of all duties in violation of the FLSA and the Illinois One Day Rest in Seven Act, 820 ILCS 140/3 (2008) which provides for at least 20 minutes for a meal period within five hours after the start of work, and two paid rest periods during each eight hour period worked.

4.  As a result thereof, there is now due plaintiff approximately $13,000.00 in back wages and commissions plus liquidated damages and unpaid commissions promised but not paid.

## PRAYER FOR RELIEF

5.  WHEREFORE plaintiff, LORI ANNE VICKERMAN, asks the court to enter judgment in her favor, and against the defendants, SKIN WELLNESS CENTER, S.C. and BROOKE JACKSON, M.D. in the sum of TWENTY-SIX THOUSAND DOLLARS ($26,000.00), or such greater or lesser sum as may be due, for all back wages

due, liquidated damages, attorney's fees and costs of the action due, and all relief provided by 29 U.S.C. 216(b); 820 ILCS 105/12; and the Illinois Wage Payment and Collection Act, 820 ILCS 115/11(c).

## COUNT II

### JURISDICTION AND VENUE

1. This is a suit to recover back wages, liquidated damages and other damages for discriminatory discharge. Federal question jurisdiction is posited upon 28 U.S.C. 1331. The discharge is protected by Title 28 U.S.C. §201, et seq., commonly known as the "Fair Labor Standards Act" (hereinafter the "Act"), and the discriminatory discharge proscription of the Act, Title 29 U.S.C. §215(a)(3).

2. The violations of the Acts occurred within this judicial district, at or near 111 North Wabash Avenue, Chicago, Illinois. The defendants are an "employer" within the meaning of the Act, to wit, 29 U.S.C. 203(a) and (d).

### STATEMENT OF CLAIM

3. At all time relevant hereto, plaintiff was employed by defendant as a general office worker and aesthetician at an hourly wage, as alleged in Count I. During the time employed, defendant failed, neglected or refused to pay plaintiff overtime wages under federal law, 29 U.S.C. 207(a)(1), for hours worked over 40 in each work week at the rate of one and one-half his regular rate.

4. On sundry occasions during her employment, plaintiff expressed her opposition to the employer's alleged unlawful activity by complaining to Dr. Brooke Jackson that her wages did not include the overtime premium of one and one-half her regular rate for all hours worked over 40 in a work week, in accordance with 29 U.S.C.

207(a)(1). As a result of such complaints, on or about April 12, 2008 , plaintiff was maliciously discharged from her position of gainful employment in violation of the discriminatory discharge proscription of the Act, 29 U.S.C. §§207(a)(1) and 215(a)(2) and (3).

5. Following plaintiff's discharge, she was caused to, and did, sustain lost income, embarrassment, humiliation and inconvenience as a result of displacement from her position; and, as a further result thereof, there is now overdue to her lost income plus liquidated damages, and both compensatory and punitive damages, plus attorney's fees and costs of the action, pursuant to 29 U.S.C. 216(b).

**PRAYER FOR RELIEF**

6. WHEREFORE, plaintiff asks the court to enter judgment, upon the verdict of a jury, in her favor, and against the defendants, SKIN WELLNESS CENTER and BROOKE JACKSON, and each of them, for all relief to which she may be reasonably entitled, including all lost wages sustained with liquidated damages plus compensatory and punitive damages, in the sum of ONE HUNDRED THOUSAND DOLLARS ($100,000.00), or such other greater or lesser sum to be determined by a jury, plus reasonable attorney's fees and costs of the action, as provided by 29 U.S.C. §216(b), to deter this and other employers from similar conduct in the future.

-5-

        s/ Ernest T. Rossiello
        ERNEST T. ROSSIELLO

Ernest T. Rossiello & Associates, P.C.
134 North LaSalle Street, Suite 1330
Chicago, Illinois 60602-1137
ETRLaw@aol.com
(312) 346-8920

Attorney for Plaintiff

Dated:  July 24, 2008
       Chicago, Illinois